# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-1674

UNITED STATES OF AMERICA,

v.

YADELL ERIC JONES,
Appellant

———————————————

Appeal from the U.S. District Court, W.D. Pa.
Judge Robert J. Colville, No. 2:21-cr-00472

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 27, 2026; Decided Feb. 4, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

PORTER, *Circuit Judge*. Yadell Jones, a felon, unlawfully possessed four firearms. He appeals his conviction under 18 U.S.C. § 922(g)(1), arguing that the statute is facially unconstitutional. Because his challenge is foreclosed by binding precedent, we will affirm.

I

This case is not Jones's first run-in with the law. He was previously convicted of possessing a firearm without a license and, on multiple occasions, trafficking illegal drugs. In October 2021, police searched Jones's home pursuant to a warrant and found four loaded guns, one of them stolen; $10,000 in cash; cocaine, in both crack and power forms; and other drug distribution paraphernalia. The firearms in his possession had moved in

———————————————

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

interstate commerce and Jones was aware of his prior felony convictions.

Jones was charged with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Jones was initially represented by counsel, but waived that right and chose to proceed pro se. He moved to dismiss the indictment, asserting a plethora of arguments coalescing around the notion that § 922(g)(1) is facially unconstitutional and that Congress lacked authority to enact it under the Commerce Clause. Jones emphatically disavowed any as-applied challenge to § 922(g)(1). The District Court denied Jones's motion, rejecting his Commerce Clause arguments and facial challenge to § 922(g)(1). Jones filed a motion for reconsideration, which the District Court denied.

Jones entered a conditional guilty plea, waiving most of his appellate rights, except for his right to appeal the adverse rulings on his motion to dismiss the indictment and motion for reconsideration. In the plea agreement, the parties agreed on a sentence of 36 months of imprisonment followed by 3 years of supervised release, and the Court imposed that sentence. Jones timely appealed.

II[1]

Jones's arguments center on his claim that § 922(g)(1) is facially unconstitutional

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. *See, e.g.*, *United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013) (exercising jurisdiction under § 1291 where a defendant who entered a conditional guilty plea preserved for appeal the issue raised in his motion to dismiss). When reviewing a district court's order on a motion to dismiss an indictment, we exercise "plenary review over legal conclusions and clear error review over factual findings." *Id.* Where a ruling denying a motion for reconsideration is "based in part upon the interpretation and application of a legal precept" our review is plenary. *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992).

because "[t]he 2nd Amendment don't [sic] regulate defendants [sic] conduct, only the Acts of Congress." Appellant's Br. 5. For his facial challenge to succeed, Jones must "establish that no set of circumstances exist under which [§ 922(g)(1)] would be valid. *United States v. Rahimi,* 602 U.S. 680, 693 (2024). Jones cannot make that showing because this Court has held that § 922(g)(1) is constitutional in at least some circumstances, such as when it is applied to those on parole, probation, or supervised release. *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (parole or probation), *cert. denied*, 146 S. Ct. 127 (2025); *United States v. Moore*, 111 F.4th 266, 272, 273 & n.5 (3d Cir. 2024) (supervised release), *cert. denied*, 145 S. Ct. 2849 (2025).

Jones also claims the district judge was biased and violated the party presentation principle, but these arguments fail. True, the District Court attempted to steelman Jones's arguments by looking to Second Amendment precedent on history and tradition—but this is part of our legal framework, not distinct from it. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22 (2022) ("We assess[] the lawfulness of [a] handgun ban by scrutinizing whether it comport[s] with history and tradition."); *contra* Appellant's Br. 4 (arguing that the District Court erred by citing "history + tradition" when a motion to dismiss requires "law"). Nor does such explication of relevant case law constitute any sort of departure from the judicial role. As such, the District Court properly denied Jones's motion to dismiss and his largely derivative motion for reconsideration.

\* \* \*

We will affirm the District Court's denial of Jones's motion to dismiss and motion for reconsideration.